CLARENCE O. GIBSON

VERSUS

STATE OF LOUISIANA

NO. 24-KH-436

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

October 01, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** CLARENCE O. GIBSON

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE R. CHRISTOPHER COX, III, DIVISION "B", NUMBER 07-6779

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**WRIT DENIED**

Relator, Clarence Gibson, seeks review of the trial court's June 24, 2024 order denying his Motion for Eradication, August 21, 2024 order denying his Motion for Retroactivity, and August 28, 2024 order denying his Motion to Correct Illegal Sentence. For the following reasons, we deny this writ application.

Relator was charged with aggravated rape of a known juvenile in violation of La. R.S. 14:42. In 2009, after a jury trial, he was convicted of the lesser included offense of sexual battery, in violation of La. R.S. 14:43.1, and sentenced to 25 years of imprisonment at hard labor. Relator's conviction and sentence were reviewed and upheld by this Court and the Louisiana Supreme Court. *State v. Gibson*, 09-486 (La. App. 5 Cir. 3/9/10), 38 So.3d 373, *writ denied*, 10-802 (La. 11/5/10), 50 So.3d 814.

On June 18, 2024, relator filed a Motion for Eradication with the trial court, alleging errors in the collection of his DNA, his bond hearing, and his arraignment.

24-KH-436

On June 24, 2024, the trial court denied the motion, stating relator's conviction and sentence were upheld on appellate review and that he failed to establish any illegality in his sentence or any entitlement to relief.

On August 12, 2024, relator filed a Motion for Retroactivity, challenging the computation of his sentence by the Louisiana Department of Corrections. On August 21, 2024, the trial court denied relator's motion, advising him that proper venue for his motion contesting the computation of his sentence was in East Baton Rouge Parish pursuant to La. R.S 15:571.15.[1]

On August 14, 2024, relator filed a Motion to Correct Illegal Sentence on double jeopardy grounds, arguing his sentence should be served in Jefferson Parish where he was sentenced. On August 28, 2024, the trial court denied the motion, finding there was no showing of a double jeopardy violation and that it did not have the authority to transfer inmates within the Department of Public Safety and Corrections.

Relator has submitted copies of the trial court's rulings on his Motion for Eradication, Motion for Retroactivity, and Motion to Correct Illegal Sentence. However, the writ application is deficient, because it does not include an index of attachments, a statement of jurisdiction, a statement of the case, a list of the issues presented, or a list of the assignments of error, as required by U.R.C.A., Rule 4-5(C). Relator has also failed to include copies of (1) each pleading on which the ruling was founded; (2) a notice of intent requesting a return date; and (3) an order from the trial court setting a return date for relator to file this writ application. *See* U.R.C.A., Rules 4-2, 4-3, and 4-5(C).

Additionally, we find relator's request for review of the trial court's June 24, 2024 order denying his Motion for Eradication is untimely, because it was not filed

---

[1] La. R.S. 15:571.15 states in pertinent part, "Venue in any action in which an individual committed to the Department of Public Safety and Corrections contests the computation of his sentence or sentences, discharge, good time dates, or any action concerning parole shall be in the parish of East Baton Rouge."

within thirty days of the ruling, as required by U.R.C.A., Rule 4-3. Further, relator characterizes his Motion for Eradication as a request for his prior appeal to be stricken, but in his motion filed in the trial court, he challenged the collection of his DNA and alleged errors regarding his bond hearing and arraignment. Relator's argument that the prior appeal should be stricken is outside of our scope of review, because the issues were not raised in and considered by the trial court. *See* U.R.C.A., Rule 1-3.

With regard to relator's Motion for Retroactivity, while relator argues about his time computation claim and the location of his confinement, the trial court correctly advised him that the proper venue for his motion is East Baton Rouge Parish pursuant to La. R.S. 15:571.15.

Finally, in relator's Motion to Correct Illegal Sentence, he did not point to an illegal term in his sentence, but rather characterized his claim as a double jeopardy violation based on his incarceration outside of Jefferson Parish. This claim is not cognizable in a motion to correct an illegal sentence. Moreover, we agree with the trial court that relator has made no showing of a double jeopardy violation and the trial court does not have the authority to transfer him to a Jefferson Parish jail. *See* La. R.S. 15:824(A).[2]

For these reasons, on the showing made, we deny relator's writ application.

Gretna, Louisiana, this 1st day of October, 2024.

**FHW**
**SMC**
**JGG**

---

[2] La. R.S. 15:824(A) provides, in pertinent part:

> …any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The secretary of the department may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the department.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>10/01/2024</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-KH-436**

CURTIS B. PURSELL
CLERK OF COURT

### E-NOTIFIED
24th Judicial District Court (Clerk)
R. Christopher Cox, III (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Clarence O. Gibson #366576 (Relator)
Jefferson Parish Correctional Center
P. O. Box 388
Gretna, LA 70054